IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT SESSIONS, LINDA SESSIONS, JOHN ROMAN, PAT KOVAR, JOHN SAFIAN, and JOE GREEN,** | : : : : : | **CIVIL ACTION NO. 1:07-CV-1669** (Judge Conner) |
| **Plaintiffs,** | : : | |
| v. | : : | |
| **OWENS-ILLINOIS, INC.,** *et al.*, | : : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is defendants' motion (Doc. 149) for leave to take limited discovery from absent class members, in this class action filed pursuant to the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. In the above-captioned case, plaintiffs allege that they were entitled to receive enhanced retirement benefits, under the Eighth Amended and Restated Salary Retirement Plan for employees of defendant Owens-Illinois, Inc. ("OI") and its affiliated employers. Plaintiffs complain that defendants[1] wrongfully denied them these benefits and misled them to believe that they were ineligible for the benefits.

---

[1] The defendants are Owens-Illinois, Inc., the Owens-Illinois Salary Retirement Plan, the Owens-Illinois Employee Benefits Committee for the Owens-Illinois Salary Retirement Plan, and various individually-named members of the committee. The amended complaint alleges that the committee is the administrator of the plan and a named fiduciary of the plan, and it alleges that each committee member had responsibility for administering the plan and was a plan fiduciary.

In the pending motion, defendants seek the court's leave to depose fifteen absent class members, and serve related document requests upon these individuals. For the reasons set forth below, the court will deny defendants' motion (Doc. 149), without prejudice to defendants' right to re-raise the issue after common questions have been adjudicated.

## I. Background

The factual background of this matter is set forth in greater detail in this court's memorandum dated November 4, 2008 (Doc. 67), and in its memorandum dated April 16, 2010 (Doc. 106), familiarity with which is presumed. The named plaintiffs in the above-captioned case represent a class of former employees of Owens-Brockway Plastic Products, Inc. ("OB"). Prior to the events giving rise to the instant litigation, OB was a wholly-owned subsidiary of OI Plastic Products FTS, Inc. ("OI Plastic Products"), a subsidiary of defendant OI. Plaintiffs contend that, as a result of a sale (the "Graham sale"), in which OI Plastic Products sold its stock in OB to Graham Packaging Company ("Graham"), the class members became "Terminated Retirees" and were entitled to receive enhanced retirement benefits under OI's Salary Retirement Plan (the "plan"). Plaintiffs' causes of action in the above-captioned case include failure to provide ERISA benefits and breach of fiduciary duty. In the pending motion, defendants seek leave to take limited discovery from fifteen absent class members.

**II.     Discussion**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947).  Rule 26(b)(1) of the Federal Rules of Civil Procedure states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  The Third Circuit has explained that there is a "defeasible" presumption that "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Courts must also limit discovery if the discovery sought is unreasonably cumulative, duplicative, readily obtainable from a more convenient or inexpensive source, or if the burden or expense of producing the discovery sought outweighs its likely benefit.  FED.R.CIV.P. 26(b)(2)(C).

In a class action, the broad discovery rules set forth above apply to the named parties in the litigation; however, they do not necessarily apply to individual class members who are absent from the litigation.  When faced with the question of whether discovery may be taken from absent class members, courts generally disfavor or limit such discovery.  See, e.g., In re Lucent Techs. Sec. Litig., No. 00 CV 621, 2002 WL 32815233 at *2 (D.N.J. July 16, 2002); Gunter v. Ridgewood Energy Corp., Civ. No. 95-438, 1996 U.S. Dist. LEXIS 22298 at *6-8 (D.N.J. Oct. 16, 1996);

3

Kline v. First W. Gov't Secs., Civ. No. 83-1076, 1996 WL 122717 at *2-3 (E.D. Pa. Mar. 11, 1996). Although the Third Circuit has not directly addressed this issue, our sister districts within the Third Circuit have endorsed an approach under which written discovery—such as interrogatories or document requests—against absent class members is permitted under the following circumstances: "(1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome[,] and (3) when the information is not available from the class representative parties." Gunter, 1996 U.S. Dist. LEXIS 22298 at *7-8;[2] Kline, 1996 WL 122717 at *3.

Applying this standard to the instant case, the court finds that it would be inappropriate to grant defendants leave to take discovery from a sampling of absent class members at this time. Defendants have failed to satisfy the first requirement listed above,[3] because the information they seek is not relevant to common questions. Indeed, defendants characterize the discovery they seek as "individualized," and they make no attempt to argue that it is relevant to common

---

[2] The Gunter court also noted that the requested discovery should not pertain to matters already known to the party requesting discovery. 1996 U.S. Dist. LEXIS 22298 at *8.

[3] Plaintiffs have not argued that defendants are seeking the discovery at issue in bad faith, or that the requests are unduly burdensome. Nor do plaintiffs contend that the requested information would be available from the named plaintiffs in the above-captioned case. Hence, it appears that the second and third requirements are satisfied. Nevertheless, defendants' failure to satisfy the first requirement leads the court to conclude that their motion should be denied.

questions.[4] Furthermore, defendants' moving papers make explicit references to issues that are clearly individual, not common, in nature. For instance, their stated reason for seeking to *depose* a sampling of absent class members—as opposed to seeking *written* discovery—is that "discovery by means of deposition is the sole method of allowing Owens-Illinois to evaluate the credibility of class members' testimony on reliance." (Doc. 150 at 16). Credibility of absent class members' testimony is certainly an individualized issue; in no sense could it be considered common to the class.

Therefore, the court concludes that defendants are not entitled to take discovery from absent class members under the circumstances of the instant case as they presently exist. It may be appropriate for the parties to collect individualized evidence on certain issues—such as reliance, for instance—after common questions have been more fully litigated; however, the court declines to opine on this matter at this juncture. For the reasons discussed above, the court

---

[4] Rather than citing or applying the standard set forth above, defendants set forth two different reasons why the court should grant them leave to take discovery from absent class members. First, according to defendants, plaintiffs articulated a need for discovery from defendants concerning certain individual class members. Second, defendants argue that individualized evidence of detrimental reliance—an element of the breach of fiduciary duty claim—is pertinent to an essential issue in the case.

The court need not address these issues at this juncture, however, because defendants have essentially conceded that they seek discovery pertaining to individual issues, not common issues. In the interests of judicial economy and efficiency, the parties should litigate issues common to the class first. Then, if individual issues remain, the court will address those matters and make individual findings at a later phase of the litigation.

will deny defendants' motion without prejudice. Defendants are free to seek similar relief at a later phase of the litigation.

## III.   Conclusion

Defendants' motion for leave to take limited discovery from absent class members is denied without prejudice.

An appropriate order will issue.

                                          S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

Dated:      June 13, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT SESSIONS, LINDA SESSIONS, JOHN ROMAN, PAT KOVAR, JOHN SAFIAN,** and **JOE GREEN,** | : CIVIL ACTION NO. 1:07-CV-1669 :  : (Judge Conner) : |
| **Plaintiffs,** | : |
| v. | : |
| **OWENS-ILLINOIS, INC.**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 13th day of June, 2011, upon consideration of defendants' motion (Doc. 149) for leave to take limited discovery from absent class members, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that defendants' motion (Doc. 149) is DENIED, without prejudice to defendants' right to seek similar relief after common questions have been adjudicated.

                                                       S/ Christopher C. Conner
                                                     CHRISTOPHER C. CONNER
                                                     United States District Judge